5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

NOV 0 4 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| INOCENCIO LARA TRUJILLO, | § | |
| Petitioner-Defendant, | § | |
| | § | |
| v. | § | (CA B-02-177) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent-Plaintiff. | § | |
| (CR B-01-295) | § | |

## GOVERNMENT'S ANSWER AND MOTION FOR DISMISSAL UNDER 8(a) OF THE RULES FOLL. 28 U.S.C. §2255

1.

The Court ordered the government to respond to Petitioner Inocencio Lara Trujillo's (hereinafter referred to as "Trujillo") motion pursuant to 28 U.S.C. §2255 filed on September 16, 2002 by November 4, 2002. The government moves to dismiss and, in the alternative, moves for summary judgment.

2.

The government denies each and every allegation of fact made by Trujillo, except those supported by the record and those specifically admitted herein, and demands proof thereof.

3.

Trujillo was indicted on June 6, 2001, for being an alien unlawfully found in the United States after being deported following his conviction for an aggravated felony in violation of 8 U.S.C. §1326(a) and (b) (DOC 1)[1]. On July 27, 2001, Trujillo plead guilty to the indictment (PSR 3). On October 5, 2001, Trujillo was sentenced to sixty (60) months imprisonment to be followed by a three-year term of supervised release (Sent. P. 35-36). The judgement was entered on October 18, 2001 (DOC. 15). Trujillo directly appealed his conviction or sentence. On September 20, 2002, his direct appeal was dismissed, as frivolous, and the mandate was issued (DOC 20, 21). On September 16, 2002, he timely filed the instant §2255 motion (DOC. 18).

4.

## ALLEGATIONS

Trujillo brings several legal challenges to his conviction: (a) the INS form I-294 failed to alert him to the fact that his illegal return was a felony; (b) the Illegal Immigration Reform and Immigration Responsibility Act of 1996 (IIRIRA), pursuant to which Trujillo was prosecuted, was not intended to apply retroactively to allow

---

[1]The DOCument numbers reflect the docket sheet numbers from the original criminal case.

enhancement for convictions committed prior to the Act's enactment; (c) the offense for which Trujillo's sentence was enhanced was neither a crime of violence nor drug trafficking offense; (d) Trujillo's maximum legal sentence was twenty-four months, rendering his actual sentence in excess of twenty-four months illegal; and (e) pursuant to *I.N.S. v. St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271 (2001), Trujillo argues his prior deportation violated due process as it was based upon a guilty plea for an "aggravated felony" for which the IIRIRA improperly retroactively proscribed application of a I.N.A. §212(c) exemption.

## 5.

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §2255 (eff. April 24, 1996).  Trujillo is currently incarcerated.  He seeks federal habeas corpus relief pursuant to 28 U.S.C. §2255 from his conviction in the Brownsville Division of the Southern District of Texas.  A §2255 motion "provides the primary means of collaterally attacking a federal conviction and sentence." *Jeffers v. Chandler*, 234 F.3d 277, 279 (5th Cir. 2000) (citation omitted).  Relief under a §2255 motion "is warranted for errors that occurred at trial or sentencing." *Id.*  He seeks relief from his conviction and sentence, and the relief sought under §2255 is appropriate .

3

6.

The underlying facts of the case reveal that Trujillo is an illegal alien from El Salvador. On August 25, 1994, Trujillo was convicted of Transporting and Selling cocaine, an aggravated felony under 8 U.S.C. §1101(a)(43)(B). Trujillo was sentenced to three years imprisonment (PSR 4). On July 2, 1999, Trujillo was deported from the United States. On May 27, 2001, Trujillo was encountered by Border Patrol near the Rio Grande river in the company of 12 other illegal aliens. Trujillo had not received the consent of the Attorney General to re-apply for re-admission (PSR 6).

7.

The four grounds justifying relief under 28 U.S.C. §2255 are: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; (3) that the sentence was in excess of the maximum authorized by law"; and (4) that the sentence is otherwise "subject to collateral attack". 28 U.S.C. §2255 (2000). Thus, motions to vacate sentences "may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed." *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999)(citations omitted); *see Davis v. United States*, 417 U.S. 333, 346 , 94

S.Ct. 2298, 2305 (1974); *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471 (1962).

A "'collateral challenge may not do service for an appeal.'" *United States v. Shaid*, 937 F.2d 228, 233 (5th Cir. 1991) (en banc) (quoting *United States v. Frady*, 456 U.S. 152, 167-68, 102 S.Ct. 1584, 1594 [1982]). Once the direct review process has been terminated, a presumption of finality attaches and the conviction is reviewable only on issues of constitutional or jurisdictional magnitude. *Shaid*, 937 F.2d at 232 (citing *Hill*, 368 U.S. at 428, 82 S.Ct. at 471). If a claim of constitutional or jurisdictional dimension is raised, it is reviewable for the first time on collateral attack only if the movant demonstrates cause for his procedural default and actual resulting prejudice. *Id.* On the other hand, "[n]onconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding." *United States v. Towe*, 26 F.3d 614, 616 (5th Cir. 1994).

To obtain post-conviction relief in a collateral attack, a defendant must show either: (1) cause excusing his procedural default and actual prejudice resulting from the alleged error, *see Frady*, 456 U.S. at 167-68, 102 S.Ct. at 1594; or (2) that he is actually innocent. *Shaid*, 937 F.2d at 232. "'Actual innocence' means 'factual innocence, and not mere legal insufficiency.'" *Bousley v. United States*, 523 U.S. 614, 623-24, 118 S.Ct. 1604, 1611-12 (1998); *United States v. Torres*, 163 F.3d

909, 911 n.9 (5th Cir. 1999).  To prove actual innocence, the petitioner "must

demonstrate that, in light of all the evidence, it is more likely than not that no [fact

finder] would have convicted him."  *Id.*  (citations and quotations omitted).

8.

a.  I-294

Trujillo complains the I-294, an official document provided him at his

deportation explaining administrative procedures for his possible legal re-entry,

invited him to apply to the American Consulate for permission to re-enter the United

States and failed to warn him that his re-entry would be a felony.[2]  Assuming the

accuracy of Trujillo's claim, "[i]t is a fundamental maxim of our legal system that

"ignorance of the law or a mistake of law is no defense to criminal prosecution."

*United States v. Denis*, 297 F.3d 25, 28 (1st Cir. 2002); *Cheek v. United States*, 498

_____

[2]Trujillo has not produced the I-294 in question. Although the government has not
obtained a copy of Trujillo's I-294, attached find the I-294 form used from June 1992.  The
form used since 1997 bears the following warning, prominently displayed at the bottom of the
page:

WARNING: Title 8, United States Code, Section 1326 provides that it is a crime for an alien
who has been removed from the United States to enter, attempt to enter, or be found in the
United States without the Attorney General's express consent. Any alien who violates this
section of law is subject to prosecution for a felony. Depending on the circumstances of the
removal, conviction could result in a sentence of imprisonment for a period of from 2 to 20
years and/or a fine of up to $250,000. *United States v. Pacheco*, 225 F.3d 148, 150 (2nd Cir.
2000), *cert. denied*, 533 U.S. 904, 121 S.Ct. 2246 (2001).  Each alerts the alien that illegal
return is a felony.

U.S. 192, 199, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991); see also *Roberts v. Maine*, 48 F.3d 1287, 1300 (1st Cir.1995) (Cyr, J., concurring) ("As a general rule, of course, publication of a criminal statute affords adequate notice to the public at large.").

If Trujillo's complaint is interpreted as a collateral attack on his conviction based on 'entrapment by estoppel' grounds, this tact must also fail. Trujillo waived this defense by his plea of guilty. "[A] valid guilty plea waives all nonjurisdictional defects in the proceedings against a defendant." *United States v. Dyer*, 136 F.3d 417, 423 (5th Cir. 1998). See also *O'Leary v. United States*, 856 F.2d 1142 (8th Cir.1988) (stating that … all nonjurisdictional errors are waived by a plea of guilty).

Even if Trujillo could bring this claim in the context of a collateral attack on his conviction, the record provides insufficient support for his claim. The defense of 'entrapment by estoppel' is rooted in the Due Process Clause, and applies where the defendant establishes, by a preponderance of the evidence, that: (1) a government official; (2) told the defendant that certain criminal conduct was legal; (3) the defendant actually relied on the government official's statements; (4) and the defendant's reliance was in good faith and reasonable in light of the identity of the government official, the point of law represented, and the substance of the official's statement. *United States v. Stewart*, 185 F.3d 112, 124 (3rd Cir. 1999), *cert.*

*denied*, 528 U.S. 1063, 120 S.Ct. 618, 145 L.Ed.2d 512 (1999); *United States v. West Indies Transp., Inc.*, 127 F.3d 299, 313 (3rd Cir.1997). For a defendant's reliance to be "reasonable", it must be shown that the government official's statement would not have placed the defendant on notice to make further inquiries. *West Indies*, 127 F.3d at 313 n. 13.

Of course, the provision of which Trujillo complains merely invites him to seek permission to apply for re-entry with the American Consulate. It does not invite Trujillo to swim the river when he next decides to enter the United States. There is no evidence Trujillo relied upon the offending clause to justify his illegal re-entry. The offending clause would cause him to reasonably infer that he could not enter the United States without permission. *United States v. Alba*, —F.3d —, 2002 WL 522819, *1 (3rd Cir. [N.J.] 2002); *United States v. Aquino-Chacon*, 109 F.3d 936, 939 (4th Cir.1997) ("The language contained in Form I-294 that re-entry without permission within five years of deportation is a felony neither states nor implies that re-entry without permission after five years is permissible."); see also *United States v. Ramirez-Valencia*, 202 F.3d 1106, 1109-10 (9th Cir. 2000), *cert. denied*, 531 U.S. 892, 121 S.Ct. 218 (2000) (following *Aquino-Chacon*); *United States v. Ortiz-Perez*, 858 F.Supp. 11, 12-13 (D.R.I. 1994) (rejecting the same challenge based on Form I-294), *aff'd*, 66 F.3d 307 (1st Cir. 1995). In addition,

8

Trujillo cannot demonstrate reasonable reliance because, given Form I-294's permission requirement and its silence on penalties for re-entry after five years, a person who truly sought to comply with the law would have made further inquiries. *Ramirez Valencia*, 202 F.3d at 1110, ("[B]ecause Form I-294 unequivocally required defendant to obtain permission to return to the United States, which he did not do, his alleged reliance was ... unreasonable.").

b. Retroactive Application of IIRIRA

Trujillo asserts that IIRIRA was not intended to apply retroactively to allow enhancement for convictions committed prior to the Act's enactment. This Circuit has ruled against Trujillo's underlying position. *United States v. Saenz-Forero*, 27 F.3d 1016, 1021 (5th Cir. 1994). Trujillo is being punished for the crime of unlawful re-entry, in violation of §1326. The enhancement provision increases the punishment for this crime. It does not affect the punishment Trujillo received for the crimes committed prior to the effective date of the Act.

> "'As the [Supreme Court in *Gryger*, 334 U.S. at 732, 68 S.Ct. at 1258-59], observed, the fact that prior convictions that [are] factored into a defendant's increased sentence preceded the enactment of an enhancement provision does not render the Act invalidly retroactive. Rather, an enhanced penalty is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes. It is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because [it is] a

repetitive one.'" *Forbes*, 16 F.3d at 1302 (citations omitted). The First Circuit also upheld the decision of the sentencing court to increase Forbes' base offense level by 16 levels pursuant to §2L1.2(b)(2). *Id*. at 1301. Guided by the First Circuit's persuasive reasoning in *Forbes*--as well as by the analogous precedent in *Gryger*, *Perkins* and *Leonard*--we hold that the enhancement of Saenz-Forero's sentence under §1326(b)(2) and §2L1.2(b)(2) for his 1985 aggravated felony conviction did not violate the Ex Post Facto Clause". *Saenz-Forero*, 27 F.3d at 1021.

c & d:    Transporting & Selling Cocaine is not an "Aggravated Felony" under 8 U.S.C. §1101(a)(43)(B), his sentence therefore exceeds the statutory maximum of 2 years.

Trujillo claims his 1993 conviction for Transportation and Selling Cocaine, for which he received three years imprisonment is not an "aggravated felony" for purposes of triggering the twenty-year maximum sentence of 8 U.S.C. §1326.

Pursuant to 8 U.S.C. §1101(a)(43)(B):

"[t]he term "aggravated felony" means-- illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18) .... The term applies to an offense described in this paragraph whether in violation of Federal or State law and applies to such an offense in violation of the law of a foreign country for which the term of imprisonment was completed within the previous 15 years. Notwithstanding any other provision of law (including any effective date), the term applies regardless of whether the conviction was entered before, on, or after September 30, 1996.

Pursuant to 18 U.S.C. §924(c)(2) ... the term "drug trafficking crime" means:

10

> any felony punishable under the Controlled Substances Act
> (21 U.S.C. 801 et seq.), the Controlled Substances Import
> and Export Act (21 U.S.C. 951 et seq.), or the Maritime
> Drug Law Enforcement Act (46 U.S.C. App. 1901 et
> seq.).

The offense for which Trujillo was previously convicted, sale of cocaine, is punishable under 21 U.S.C. §801 et. seq.  The fact the conviction occurred in the state court is of no consolation to Trujillo.

Additionally, Trujillo's conviction in 1997 for Grand Theft, for which he received three years imprisonment also represents an "aggravated felony". *United States v. Corona-Sanchez,* 234 F.3d 449, 455 (9th Cir. 1999).

As Trujillo is mistaken in his claim that his prior conviction was not an aggravated felony, he is accordingly incorrect in his claim that his maximum sentence for the instant conviction is only two years.  His sentence of sixty (60) months is well within his maximum sentence.

e.  *St. Cyr* violation

Trujillo seeks to invoke *St. Cyr* in attacking his underlying deportation, arguing he was subjected to the  impermissible retroactive effect of the cancellation of the I.N.A. 212(c) exemption through the enactment of IIRIRA .  *I.N.S. v. St. Cyr,* 121 S.Ct. at 2271.

*St. Cyr* is inapplicable to Trujillo.    Although Trujillo plead guilty to an

"aggravated felony" prior to the enactment of IIRIRA, he also plead guilty to an

"aggravated felony" following the Act's enactment.    The effective date of the

changes made by IIRIRA §321(a) is the date of the enactment of IIRIRA, September

30, 1996.  See IIRIRA, Pub.L. 104-208, Div. C, Title III, §321(b), (c).  Congress

explicitly made the amendments of what constitutes an aggravated felony applicable

regardless of when the conviction was received.    *See* 8 U.S.C. §1101(a)(43); <u>see</u>

<u>also</u> *Mohammed v. Ashcroft*, 261 F.3d 1244, 1249 (11th Cir.2001).    Trujillo's

Grand Theft guilty plea and conviction occurred in 1997 (PSR 27).    Thereafter, in

1999, Trujillo was deported.

In *St. Cyr*, the Court considered whether IIRIRA's repeal of discretionary

relief under INA §212(c) would have an impermissible retroactive effect if applied

to an alien who was "convicted pursuant to a plea agreement at a time when [his]

plea would not have rendered [him] ineligible for §212(c) relief." *St. Cyr*, 533 U.S.

at 320, 121 S.Ct. 2271. The Court concluded that applying the repeal to aliens "who

entered into plea agreements with the expectation that they would be eligible for

[§212(c)] relief" would "attach [ ] new legal consequences to events completed

before its enactment" and produce an impermissible retroactive effect. *Id.* at 321,

121 S.Ct. 2271 (emphasis added) (internal quotation marks omitted).    In reaching

this conclusion, the Court focused on an alien's reasonable reliance on the possibility of discretionary relief under INA §212(c) as one of the most important factors prompting him to forego trial and enter a plea agreement. "Given the frequency with which §212(c) relief was granted in the years leading up to … IIRIRA", the Court reasoned that "preserving the possibility of such relief would have been one of the principal benefits sought by defendants deciding whether to accept a plea offer or instead to proceed to trial." *Id.* at 323, 121 S.Ct. 2271. Indeed, "[t]here can be little doubt that, as a general matter, alien defendants considering whether to enter into a plea agreement are acutely aware of the immigration consequences of their convictions." *Id.* at 322, 121 S.Ct. 2271. The Court held that "[b]ecause [St. Cyr], and other aliens like him, almost certainly relied upon [the] likelihood [of receiving discretionary relief] in deciding whether to forgo their right to a trial, the elimination of any possibility of §212(c) relief by IIRIRA has an obvious and severe retroactive effect." *Id.* at 325; 121 S.Ct. 2271. *Chambers v. Reno*, —F.3d —, 2002 WL 31301183, *2, *3 (4th Cir. [Md.] 2002).

In *St. Cyr*, the Supreme Court held that §212(c) relief remains available for aliens, like St. Cyr, whose convictions were obtained through plea agreements and who would have been eligible for §212(c) relief at the time of their plea under the law then in effect. *See* 533 U.S. 289, 121 S.Ct. at 2287-93. Because IIRIRA was

13

already in effect prior to Trujillo's guilty plea in 1997 for the "aggravated felony" of grand theft, he was not then eligible for §212(c) relief at the time of his plea. IIRIRA produced no retroactive effect as to Trujillo.  As amended by AEDPA §440(d), 8 U.S.C. §1182(c) provides that "[t]his subsection shall not apply to an alien who is deportable by reason of having committed any criminal offense covered in §241(a)(2)(A)(iii) [now codified at 8 U.S.C. §1227(a)(2)(A)(iii)] ...." 8 U.S.C. § 1182(c) (1994).  A lawful permanent alien found to have committed an aggravated felony under 8 U.S.C. §1227(a)(2)(A)(iii), was subject to this limitation on discretionary relief. *Santos v. Reno*,  228 F.3d 591, 594 (5th Cir. 2000).

10.

No evidentiary hearing is necessary to resolve issues presented. *United States v. Samuels*, 59 F.3d 526, 530 and n. 16-17 (5th Cir. 1995)(citations omitted); *United States v. Bartholomew*, 974 F.2d 39, 41-42 (5th Cir. 1992).  Trujillo alleges no facts which would warrant an evidentiary hearing under 28 U.S.C. §2255.  Therefore, the government moves for dismissal, or in the alternative, summary judgment.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the government respectfully prays that Trujillo's §2255 petition be dismissed or, in the alternative, be subject to summary dismissal.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney

JAMES L. TURNER
Chief, Appellate Division

_____
Mark M. Dowd
Assistant U.S. Attorney
600 E. Harrison, # 201
Brownsville, Texas, 78520
Texas Bar No. 06070500
Federal Bar No. 9314
(956) 548-2554

\

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

U.S. COURT OF APPEALS
**FILED**

AUG 2 9 2002

CHARLES R. FULBRUGE III
CLERK

No. 01-41247
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

United States District Court
Southern District of Texas
FILED

**SEP 2 4 2002**

versus

INOCENCIO LARA TRUJILLO, also known as
Jesus Abel Montes,

Michael N. Milby, Clerk of Court

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
(B-01-CR-295-1)

Before JONES, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:*

Appointed counsel for Inocencio Lara Trujillo has requested leave to withdraw as counsel and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). Trujillo has received a copy of counsel's motion and brief and has filed a response. Our independent review of the record, counsel's brief, and Trujillo's response discloses no nonfrivolous issue.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.



**GOVERNMENT EXHIBIT "A"**

1:01cr295 #21     Page 1/2

Accordingly, counsel's motion for leave to withdraw is **GRANTED**; counsel is excused from further responsibilities; and the appeal is **DISMISSED**. *See* 5TH CIR. R. 42.2. Trujillo's motion for appointment of new counsel is **DENIED**.

**U.S. Department of Justice**
Immigration and Naturalization Service

Notice of Country to which Deportation has been
directed and Penalty for Reentry without Permission

PLEASE REFER TO THIS FILE NO.

DATE:

Dear

**This is a warning.  Please read carefully.**

It has been ordered that you be deported to_____.

You will be informed, if appropriate, when departure arrangements are complete.  If needed, we will assist you as much as possible in arranging your personal affairs for your departure.  However, you may be deported at any time and without further notice.

Should you wish to return to the United States you must write this office or the United States Consular Office nearest your residence abroad as to how to obtain permission to return after deportation.  Permission must be obtained from the Attorney General if you are seeking admission within five (5) years of deportation or removal, or within twenty (20) years if your deportation was subsequent to a conviction for an aggravated felony.

By law, (Title 8 of the United States Code, Section 1326), any alien who has been arrested and deported or excluded and deported who enters, attempts to enter, or is at any time found in, the United States shall be subject to the penalties listed below unless, prior to his reembarkation at a place outside of the United States or his application for admission from a foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission:

(a) Any such alien, other than an alien convicted of a felony, shall be fined not more than $250,000.00 or imprisoned for not more than two (2) years. [8 U.S.C. § 1326(a)].

(b) Any such alien whose deportation was subsequent to a conviction for a felony (other than an aggravated felony) shall be fined not more than $250,000.00, imprisoned for not more than five (5) years, or both. [8 U.S.C. § 1326(b)(1)].

(c) Any such alien whose deportation was subsequent to a conviction for an aggravated felony shall be fined not more than $250,000.00, imprisoned for not more than fifteen (15) years, or both. [8 U.S.C. § 1326(b)(2)].

Very truly yours,

District Director

GOVERNMENT
EXHIBIT
"B"

Form I-294 (Rev. 06/12/92) N

**U.S. Department of Justice**
Immigration and Naturalization Service

SIRVASE REFERIRSE A ESTE NUMERO DE REGISTRO

FECHA:

Estimado

Esta carta es una advertencia. Le pedimos que la lea cuidadosamente.

Se ha ordenado su deportación a_____.

Se le informará, si es apropiado, cuando se hayan concluido los trámites para su salida. En caso necesario, le ayudaremos lo mas posible para arreglar sus asuntos personales antes de su salida. Sin embargo, puede ser deportado en cualquier momento y sin previo aviso.

En caso de que desee regresar a los Estados Unidos, debe dirigirse por escrito a esta oficina o al Consulado de los Estados Unidos más cercano a su domicilio en el extranjero y preguntar cómo obtener permiso para regresar después de su deportación. Debe obtener el permiso del Secretario de Justicia si trata de entrar en el plazo de cinco años a partir de su deportación o retiro, o en el plazo de veinte años si su deportación se llevó a cabo después de una condena por delito grave con agravantes.

Según la ley (Sección 1326 del Título 8, Código de los Estado Unidos), todo extranjero que haya sido arrestado y deportado o excluido y deportado y que entre, trate de entrar o se encuentre en cualquier momento en los Estados Unidos estará sujeto a las penas mencionadas a continuación a menos que, antes de reembarcar de un lugar fuera del territorio de los Estados Unidos o antes de la presentación de su solicitud de entrada desde un territorio extranjero contiguo, el Secretario de Justicia acceda expresamente a que dicho extranjero vuelva a solicitar la entrada en el país:

a) Todo extranjero, salvo un extranjero condenado por un delito grave será condenado a multa de no más de $250.000 o a encarcelamiento que no exceda de dos años. [Sección 1326 (a) del Título 8, Código de los Estados Unidos].

b) Todo extranjero deportado después de una condena por delito grave (salvo un delito grave con agravantes) será condenado a multa de no más de $250.000, o encarcelamiento que no exceda de cinco años o ambas penas. [Seccion 1326 (b) (1) del Título 8, Código de los Estados Unidos].

c) Todo extranjero deportado después de una condena por delito grave con agravantes será condenado a multa de no más de $250.000, o encarcelamiento que no exceda de quince años, o ambas penas. [Sección 1326 (b) (2) del Título 8, Código de los Estados Unidos]

FORM 1-294 SERVED ON ALIEN

ON _____

AT _____

_____
Signature of Official

Atentamente,

Director de distrito

Form I-294 (Rev. 06/12/92)N

*U.S. GPO: 1992-312-328/61873

## CERTIFICATE OF SERVICE

I, Mark M. Dowd, Assistant United States Attorney, certify that a true and correct copy of the above document has been served by placing same in United States mail, postage prepaid, today, November ___, 2002, addressed to:

Inocencio Lara Trujillo
Eden Detention Center
P.O. Box 605
Eden, TX 76837

Mark M. Dowd
Assistant United States Attorney

16

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

INOCENCIO LARA TRUJILLO,          §
    Petitioner-Defendant,          §
                       §
v.          §          (CA B-02-177)
                       §
UNITED STATES OF AMERICA,          §
    Respondent-Plaintiff.          §
    (CR B-01-295)          §
                       §
                       §

## RECOMMENDED ORDER

The Court, having considered Trujillo's motion to vacate sentence under 28 U.S.C. §2255 and the government's answer, concludes that dismissal is warranted. Trujillo has failed to demonstrate cause and prejudice for failing to bring his complaints on direct appeal. Even if the substance of Trujillo's complaints were reached herein, the factual and legal basis of Trujillo's complaints are belied by the record and by applicable jurisprudence. They are factually and legally unfounded. Dismissal is warranted and recommended.

DONE this _____ day of _____, 2002 at Brownsville, Texas.


_____
UNITED STATES MAGISTRATE JUDGE